```
                                                                    FILED
           UNITED STATES DISTRICT COURT                          JUN - 7 2013
           FOR THE DISTRICT OF COLUMBIA                  Clerk, U.S. District & Bankruptcy
                                                         Courts for the District of Columbia
```

William Staples,           )
                           )
       Plaintiff,  )
                           )
v.                         )     Civil Action No. 13-0468 (UNA)
                           )
United States of America *et al.*,  )
                           )
       Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed in part and transferred in part. *See* 28 U.S.C. § 1915A (requiring the Court to screen a prisoner's complaint and dismiss portions that fail to state a claim upon which relief may be granted).

Plaintiff is a prisoner incarcerated at the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania. He sues the United States and several employees of the Bureau of Prisons, including Director Charles E. Samuels, Jr. and Administrator of National Inmate Appeals Harrell Watts. Plaintiff invokes the Eighth and Fourteenth Amendments to the Constitution and purports to sue under 42 U.S.C. § 1983. He seeks equitable relief and monetary damages exceeding $1 million. The complaint arises out of plaintiff's multiple disciplinary proceedings at the United States Penitentiary in Pollock, Louisiana, and at his current facility, FCI Schuylkill. *See* Compl. at 2-6. The facts supporting each incident vary but plaintiff basically alleges as to each incident that he was found guilty by a disciplinary hearing officer of

an infraction, was sanctioned, and "on appeal" had the incident report "expunged" after he "served out the sanction." *Id.* at 2-6. Plaintiff further alleges that he "exhausted his remedies seeking compensation for the pain and suffering of[,] [for example,] serving 30 days in the SHU and lost visitation unjustly. All remedies were denied." *Id.* at 3 ¶ 5.

1. The Dismissed Claims

The complaint is subject to dismissal because, by its terms, section 1983 creates a cause of action against state and District of Columbia actors who are alleged to have violated one's constitutional, not the federal defendants sued here. Most of the complaint fares no better when viewed through the lens of the federal analog to section 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

First, the alleged events giving rise to the complaint, *i.e.*, plaintiff's receipt of an incident report, the ensuing disciplinary proceeding, and plaintiff's administrative appeal, belie a constitutional claim based on the Fifth Amendment's due process clause since for each incident plaintiff admittedly received notice and a meaningful opportunity to be heard. Second, even if the procedures were flawed, the due process clause is triggered by the deprivation of a protected liberty interest, which is not derived from a prisoner's mere placement in segregated housing or the temporary loss of privileges due to prison infractions of which a prisoner is found guilty. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995) (prisoners' protected liberty interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); *Franklin v. District of Columbia,* 163 F.3d 625, 631, 634-35 (D.C. Cir. 1998) (unless a prisoner is subjected to "extraordinary" treatment, "day-to-day" judgments about placement, housing and classification are "ordinary consequence[s] of confinement for committing a crime"). Third, the alleged sanctions imposed

2

upon plaintiff do not alone rise to the level of a violation of the Eighth Amendment's proscription against cruel and unusual punishment, which is reserved for circumstances where prison officials are alleged to have acted with "deliberate indifference to a [known] substantial risk of serious harm to an inmate . . . ." *Farmer v. Brennan*, 511 U.S. 825 828-29 (1994) (citations and internal quotation marks omitted). *See id.* at 832 (prison officials run afoul of the Eighth Amendment when they "for example, use excessive physical force against prisoners" and subject prisoners to inhumane conditions of confinement, particularly with regard to food, clothing, shelter, and medical care).

Even if the Eighth Amendment is implicated, *Bivens* does not authorize a suit against the high-level BOP officials named in the complaint, and this Court has a "duty . . . to stop insubstantial *Bivens* action in their tracks and get rid of them." *Simpkins v. District of Columbia*, 108 F.3d 366, 370 (D.C. Cir. 1997) (citing cases). A federal official may be held personally liable under *Bivens* only for unconstitutional conduct in which he was personally and directly involved. *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993). Plaintiff does not implicate the high-level BOP officials in the alleged misconduct at FCI Schuylkill and USP Pollock, and their direct participation in the alleged misconduct cannot be reasonably inferred. Hence, the Court will dismiss the complaint against Director Samuels and Administrator Watts.

In addition, based on the foregoing analysis of the constitutional provisions at issue, the Court will dismiss the complaint against S. Stephens, a Counselor at USP Pollock, since he is sued only for his role as the disciplinary officer who "found Plaintiff guilty [of assaulting an inmate] and sanctioned Plaintiff to 60 days lost [sic] of phone privileges," Compl. at 3 ¶ 6, and found plaintiff guilty of "failing to stand for count" and sanctioned him to "60 days lost [sic] of commissary," *id.* ¶ 9. Finally, the Court will dismiss the complaint against the United States

because Congress has not waived the sovereign's immunity from suits based on constitutional torts. *FDIC v. Meyer*, 510 U.S. 471, 476-78 (1994).

2. The Surviving Claim

In addition to the high-level BOP officials based in the District of Columbia, plaintiff sues two corrections officers, Burns and Sanko, at the Schuylkill facility. *See* Compl. at ECF p.2 (additional parties). Plaintiff alleges that while he was in the SHU at the Schuylkill facility, Burns and Sanko ignored a medical restriction placed on him because of "his disabilities," which required him to sleep on the lower bunk bed. Compl. at 6. According to plaintiff, when he told Burns and Sanko about the restriction, they responded that he should "either sleep on the top bed . . . or sleep on the floor." Compl. at 6 ¶ 22. Plaintiff alleges that he "has a restriction of no ladder and stair climbing and no unnecessary binding [sic] and stooping." *Id.* ¶ 23. He therefore was forced to sleep on the floor and, as a consequence, suffered "a great deal of unnecessary physical, mental pain in his back and left hip." *Id.* Plaintiff alleges that his "condition was ignored" for two weeks. *Id.* These facts provide adequate notice of an Eighth Amendment claim against defendants Burns and Sanko, but this venue is not proper for litigating the claim since those defendants are not in the District of Columbia and the alleged conduct did not occur here. *See* 28 U.S.C. § 1391(b). In the interests of justice and judicial economy, the Court will transfer this surviving claim to an appropriate judicial district in Pennsylvania. A separate Order accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: May 29th, 2013

4